# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MAXWELL,<br><br>   Plaintiff,<br><br> v.<br><br>MAGDELENA GARIBAY,<br><br>   Defendant. | Case No.: 1:17-cv-01149 - LJO - JLT<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

Shawn Maxwell seeks to proceed *pro se* and *in forma pauperis* in this action.[1] (Docs. 1, 2) Because Plaintiff fails to clearly identify the cause of action upon which he seeks to proceed, or to allege facts sufficient for the Court to find he states a cognizable claim, the complaint is **DISMISSED** with leave to amend.

## I. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the complaint if it is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

---

[1] The Court defers ruling on the motion to proceed *in forma pauperis* until the amended complaint is filed.

1

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a

claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Allegations

In the complaint, Plaintiff indicates that he seeks to state cause of action for "restoration of property" based upon the following allegations:

1. This is a court of record.
2. I, Shawn Maxwell, gave no entity the right to administer my property.
3. I say that Jocelyn is my specific private property, my gift from God.
4. I say that Jocelyn is special.
5. I say that said property is in the possession of the wrongdoer, Magdalena Garibay.
6. I say no man or woman will say that my claim is untrue.
7. I want my property returned to me, and said property to be totally under my control, post-haste.

(Doc. 1 at 1-2)

### IV. Discussion and Analysis

As an initial matter, a person is not "property" and calling a child or any other adult "personal property" is patently offensive to the rule of law. Consequently, the Court is unable to identify what claim, exactly, Plaintiff seeks to state with his request for a "restoration of property." (*See* Doc. 1 at 1) Accordingly, the Court addresses the issues and legal standards for claims that Plaintiff may be seeking to proceed upon in this action.

#### A. Child Custodial Decision by the State Court

Under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

> Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers'

federal rights.

*Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . ."). Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

The Ninth Circuit has determined that the *Rooker-Feldman* doctrine bars federal review of state court decisions regarding children, including custody decisions and child dependency proceedings. *See, e.g., Moore v. County of Butte*, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of her child custody proceedings were properly dismissed); *Lacy-Curry v. Alameda Cnty Soc. Servs. Agency*, 262 Fed. Appx 9, 10 (9th Cir. 2007) (where all of the plaintiff's claims against a county social services agency, its workers, and a state court "relate[d] to a series of state court child dependency proceedings," the *Rooker-Feldman* doctrine precluded review of claims related to the proceedings because the plaintiff was "clearly a state court loser complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced, and she [was] inviting district court review and rejection of those judgments"); *see also Ignacio v. Judges of U.S. Court of Appeals*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case"). Accordingly, to the extent Plaintiff is challenging a custodial decision rendered by the state court, the District Court is unable to review such a decision.

**B.     First Amendment Violation**

The First Amendment to the Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." *U.S. Const. amend. I*. The Supreme Court of the United States determined

that "the First Amendment protects those relationships, including family relationships, that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.'" *Board of Dir. v. Rotary Club*, 481 U.S. 537, 545 (1987) (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 619-20 (1984)).

In *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001), the Ninth Circuit determined a plaintiffs "adequately alleged" an "unwarranted interference" with the "right to familial association under both the First and Fourteenth Amendments" where the plaintiffs alleged:

> Mary Sanders Lee began searching for her son after his arrest. She contacted the Los Angeles Police Department, unknown employees of which told her that they had no record of, or information concerning, her son, when in fact, they knew or should have known that they had falsely arrested him and caused him to be extradited to New York. From 1993 to 1995, Mrs. Lee repeatedly contacted the Los Angeles Police Department regarding the whereabouts of Kerry Sanders. However, each time she was informed that his whereabouts were unknown …. The reckless, intentional and deliberate acts and omissions of defendants … were a direct and legal cause of the deprivation of [Plaintiffs'] constitutionally protected right under the First and Fourteenth Amendments to the association, companionship and society of one and other as mother and son.

*Id.* at 685. The Court explained that the "constitutional interest in familial companionship logically extends to protect children from unwarranted state interference with their relationships with their parents." *Id.* Accordingly, the Court determined that both Ms. Lee and Mr. Sanders stated a claim for a violation of the First Amendment.

Plaintiff fails to allege facts sufficient to support a determination that a child was removed from his care and custody, or that an individual acting under state law deliberately interfered with the "protected right… to the association, companionship, and society" of his child. *See Lee,* 250 F.3d at 685.

### V.     Conclusion and Order

Given the lack of factual allegations, the Court is unable to find Plaintiff states a cognizable claim, or that the Court has jurisdiction in this matter. However, it is not clear whether the factual deficiencies may be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).

In the First Amended Complaint, Plaintiff **SHALL** clearly identify the claim upon which he seeks to proceed, and include a statement of facts that inform the Court of the basis for his claims. Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**If Plaintiff fails to comply with this order to file a First Amended Complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

   Dated: __August 30, 2017__            ____/s/ Jennifer L. Thurston____
                                                                       UNITED STATES MAGISTRATE JUDGE